**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Arnold Lea Ward, Appellant.

Appellate Case No. 2015-002107

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2019-UP-182
Submitted April 1, 2019 – Filed May 29, 2019

**AFFIRMED**

Arnold Lea Ward, pro se.

Attorney General Alan McCrory Wilson and Deputy Attorney General Don Zelenka, and Senior Assistant Deputy Attorney General John Benjamin Aplin, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

**PER CURIAM:** Arnold Lea Ward appeals the circuit court's denial of his motion for a new trial based on after-discovered evidence pursuant to Rule 29(b), SCRCrimP. We affirm pursuant to Rule 220(b), SCACR, and the following

authorities: *State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the [circuit] court, and [an appellate court] will not disturb the [circuit] court's decision absent an abuse of discretion."); *id.* at 167, 672 S.E.2d 565 ("The deferential standard of review constrains [an appellate court] to affirm the [circuit] court if reasonably supported by the evidence."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching."); Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one . . . year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *Evans v. State*, 363 S.C. 495, 504, 611 S.E.2d 510, 515 (2005) ("[I]mpanelment documents, including the State's petition, supporting materials, and the impaneling judge's order, may be released to a defendant prior to trial upon timely request or to an applicant in a PCR proceeding."); *id.* at 507-10, 611 S.E.2d at 516-18 (holding subject matter jurisdiction is not implicated in challenges to the legality of the process of the grand jury).[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] Ward's argument relating to due process is not preserved for review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]."); *State v. Langford*, 400 S.C. 421, 432, 735 S.E.2d 471, 477 (2012) ("Constitutional questions must be preserved like any other issue on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.